UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON TERRELL,<br><br>      Plaintiff,<br><br>v.<br><br>MORGAN TRUCK BODY, LLC et al.,<br><br>      Defendants. | Case No. 5:24-cv-00824-SB-DTB<br><br>ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION |

      Plaintiff Kenyon Terrell filed the complaint in this wrongful termination case in Riverside County Superior Court on March 11, 2024. Defendant Morgan Truck Body, LLC filed a notice of removal on April 18, 2024. Dkt. No. 1.

      Federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

      A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

      Plaintiff is a California citizen. Dkt. No. 1 at 3. Morgan identified itself as limited liability company whose sole member is JB Poindexter, a Delaware corporation with a principal place of business in Texas. *Id*. at 3–4. Defendant John Poindexter is a citizen of Texas as well. *Id.* at 3. The complaint, however, also names Defendant Mike Avila, a California citizen, who would destroy diversity and divest the Court of subject-matter jurisdiction. Morgan claims that Avila's citizenship should be ignored because he has not been properly served and joined. Dkt. No. 1 at 4. Service, however, has no bearing on whether the parties are diverse for purposes of § 1332(a). *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969).

      Accordingly, Defendants are ORDERED to show cause, in writing, by no later than May 7, 2024, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties. Before doing so, the parties are ordered to meet and confer to determine whether a stipulation to remand is appropriate and to discuss in detail their respective positions if they disagree. In the event of disagreement, Plaintiff may file a response with his position by May 7. *Failure by Defendants to timely comply with this order will result in remand*.

Date: April 29, 2024

                                                       Stanley Blumenfeld, Jr.
                                                United States District Judge