JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON TERRELL, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN TRUCK BODY, LLC et al., <br><br> Defendants. | Case No. 5:24-cv-00824-SB-DTB <br><br><br> ORDER GRANTING MOTION TO REMAND [DKT. NO. 16] |

    Plaintiff Kenyon Terrell filed this employment discrimination action against Defendants Morgan Truck Body, LLC (Morgan), Mike Avila, and John B. Poindexter. Morgan removed, asserting diversity jurisdiction. Despite the fact that both Plaintiff and Avila are California citizens, Morgan claimed that Avila's citizenship must be disregarded because he was not properly served at the time of removal. After the Court questioned jurisdiction in an order to show cause, Morgan for the first time asserted that Avila is an improperly joined sham defendant. Plaintiff now moves to remand. The Court finds this matter suitable for decision without oral argument and vacates the June 7, 2024 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15. Because there is not complete diversity of citizenship, the Court remands this matter for lack of subject-matter jurisdiction.

I.

    Federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Section 1332 provides for federal jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that all plaintiffs be completely diverse from all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). There is a strong presumption against removal

jurisdiction, and the removing defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts must decline jurisdiction if there is "any doubt as to the right of removal in the first instance." *Id.*; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II.

It is undisputed that Plaintiff and Avila are both California citizens, such that the Court lacks jurisdiction if Avila's citizenship is not disregarded. Morgan has raised two arguments for disregarding Avila's citizenship.

Morgan's original argument, which it has not wholly abandoned, was that diversity existed at the time of removal because all served defendants were diverse from Plaintiff. But as the Court noted in its order to show cause, service has no bearing on whether complete diversity exists. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). Morgan's argument incorrectly relies on the statutory limitation on removal by home-state defendants in 28 U.S.C. § 1441(b)(2), which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." But this forum-defendant rule is "relevant only when there is original jurisdiction *and* the non-served defendant is a citizen of the forum state. Properly understood, this rule thus serves as a limitation on removal rather than as an expansion of diversity jurisdiction." *Ross v. United Airlines, Inc.*, No. 2:22-CV-01532-SB, 2022 WL 1302680, at *2 (C.D. Cal. Apr. 30, 2022) (remanding for lack of jurisdiction where unserved defendant destroyed diversity). Accordingly, the fact that Avila was not served does not permit the Court to disregard his citizenship.

Morgan's second argument, raised in response to the Court's order to show cause and in opposition to Plaintiff's motion to remand, is that Avila is an improperly joined sham defendant.[1] "In determining whether there is complete

---

[1] Contrary to Morgan's contention (Dkt. No. 18 at 6 n.2), the notice of removal does not mention fraudulent joinder and argues only that Avila's citizenship should

diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2019).  There is a general presumption against fraudulent joinder, however. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  When jurisdiction is premised on an allegation of a fraudulently joined defendant, a district court must remand the case if there is "a possibility of recovery" against that defendant. *Grancare*, 889 F.3d at 550.  This "possibility" standard is stricter than the motion-to-dismiss standard under Rule 12(b)(6) and "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* at 549.  Even if the complaint could not survive a Rule 12(b)(6) motion, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.  Thus, a removing party asserting fraudulent joinder bears the "heavy burden" of showing that the claims against a nondiverse defendant are frivolous as alleged and cannot possibly be cured by amendment.   *Id.* at 548, 550.

     Morgan cannot satisfy this heavy burden.  Indeed, Morgan fails to address the standard articulated in *Grancare* and instead relies on what is essentially the inapplicable motion-to-dismiss standard.  Morgan argues that each of the three claims asserted against Avila (harassment, intentional infliction of emotional distress, and failure to furnish records) is inadequately pleaded, but it fails to address whether the additional facts Plaintiff claims he could allege in an amended pleading would cure any pleading deficiency that may exist.  Instead, Morgan relies on distinguishable cases predating *Grancare* to argue that "Plaintiff cannot avoid removal by amending his Complaint."  Dkt. No. 18 at 14 (citing, inter alia, *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416 (9th Cir. 1989)).  In *Kruso*, the Ninth Circuit declined to consider allegations in an unfiled amended complaint, *id*. at 1426 n.12, but its holding that removal was proper was based on its finding that the plaintiffs could not prevail against any of the nondiverse defendants—with or without amendment—because the plaintiffs lacked standing to sue these defendants, *id*. at 1427.  Thus, this Court is not free to ignore *Grancare's* unambiguous holding that the possibility of amendment must be considered in assessing a claim of fraudulent joinder. *See Finnan v. Zurich Am. Ins. Co.*, No. 19-CV-00331, 2019 WL 1245140, at *5 n.69 (N.D. Cal. Mar. 18, 2019)

---

be disregarded under 28 U.S.C. § 1441 because he had not been properly served or joined.  Dkt. No. 1 at 4.

3

(distinguishing *Kruso* and finding argument that the court was limited to allegations in the original complaint to be "squarely foreclosed by *Grancare*").

Plaintiff's complaint contains serious allegations of misconduct against Avila, including race-related statements that establish a possibility of recovery based on his claims for harassment and intentional infliction of emotional distress. The motion to remand, moreover, identifies numerous additional incidents—e.g., the explicit use of racial epithets directed at Plaintiff and a pattern of publicly and disparately berating him and the other black employees. *See* Dkt. No. 16 at 11. Plaintiff has not shown, or even attempted to show, that these allegations are insufficiently severe or pervasive to support a plausible harassment claim. Thus, the Court cannot conclude on this record that these allegations are "wholly insubstantial and frivolous." *Grancare*, 889 F.3d at 549–50.

Based on the record in this case and the strong presumption against removal, the motion to remand must be granted.[2]

### III.

Plaintiff further requests an award of attorneys' fees and sanctions under Federal Rule of Civil Procedure 11. Plaintiff's sanctions request is denied as procedurally improper. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). However, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no presumption that attorneys' fees be awarded on remand; instead, an award of fees "should turn on the reasonableness of removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136–37, 141 (2005). Whether to award "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales," but fees should generally be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 139, 141.

The Court does not find that Morgan's removal was so unreasonable that an award of attorney's fees is warranted. The original complaint alleged only a subset of Avila's conduct that Plaintiff identified in its motion to remand, and the Court is

---

[2] In reaching this conclusion, the Court does not rely on the declaration of Omri Benari, and thus Morgan's objection to the declaration and its attachments is moot.

4

not prepared to find that there was no objectively reasonable basis to remove.  The Court therefore declines to award attorney's fees.

## IV.

Because Morgan has not met its heavy burden to establish that diversity is complete, Plaintiff's motion for remand is granted, and the case is remanded to the Superior Court for the County of Riverside.  Plaintiff's request for sanctions and fees is denied.

Date: June 5, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge